UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pedro A., | File No. 26-cv-110 (ECT/EMB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

David L. Wilson and Gabriela Sophia Anderson, Wilson Law Group, Minneapolis, MN, for Petitioner Pedro A.

Ana H. Voss and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

Petitioner Pedro A. is an Ecuadoran citizen who has lived in the United States since on or around 2020, when he entered the country without inspection. Pet. ¶¶ 13, 27–28. On January 7, 2026, Pedro was arrested in Minnesota by Immigration and Customs

Enforcement ("ICE") and Enforcement and Removal Operations ("ERO") "conducting at-large enforcement operations in the Minneapolis/St. Paul area." ECF No. 5 ¶ 4; Pet. ¶ 30.  Pedro was served with a Notice to Appear dated January 11, 2026, which stated that he was "an alien present in the United States who has not been admitted or paroled." ECF No. 5-1 at 1.  It did not check the box for "arriving alien." *Id.*  Pedro was charged as an "alien present without admission or parole" under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1182(a)(6)(A)(i).  ECF No. 5-1 at 1, 5.  Pedro was initially held in ICE custody in Minnesota.  *See* Pet. ¶¶ 14, 34.  On January 8, 2026, Petitioner filed the present Petition.  *See* Pet.  That same day, "ICE/ERO transferred [Pedro] to El Paso Camp East Montana detention facility in El Paso, [Texas] due to a local detention bed space shortage," where he "is being processed for removal proceedings under [8 U.S.C. § 1229(a)]."  ECF No. 5 ¶ 5.  Pedro "has no criminal history that subjects him to mandatory custody under 8 U.S.C. § 1226(c)." Pet. ¶ 33.

Here, Pedro challenges his detention under 28 U.S.C. § 2241. *Id.* ¶ 8.  He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing).  *Id.* ¶¶ 2, 4, 35–60, 68–76; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Pedro, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations.  *See* Pet. ¶¶ 68–76, 82–90.  He seeks a declaration that his detention absent a bond hearing violates the Due Process Clause of the Fifth Amendment; issuance of a writ

of habeas corpus ordering Respondents to release him from custody or set a bond hearing for him pursuant to 8 U.S.C. § 1226(a); an order enjoining his removal or transfer out of the District of Minnesota during the pendency of this case; and an award of attorneys' fees and costs.  Pet. at 23–24.

Respondents argue that the petition fails on the merits as a matter of statutory interpretation.[1]  ECF No. 4 at 3–8.  Courts in this District have repeatedly considered and rejected Respondents' argument, and it will be rejected here as well.

Pedro has shown he has been misclassified under § 1225(b)(2) rather than § 1226.  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312,

---

[1] Respondents do not challenge this Court's subject-matter jurisdiction to consider Pedro's petition.  *See* ECF No. 4.  Nonetheless, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025).  Pedro has lived in the United States for approximately five years.  His detention falls under § 1226 and not § 1225(b)(2).  *See* ECF No. 5-1 at 1 (stating that Pedro is an "alien present in the United States who has not been admitted or paroled").

For these reasons, Pedro is subject to discretionary detention and entitled to a bond hearing.[2]

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Pedro A.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.  The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

---

[2]  Though Pedro alternatively requests release, *see* Pet. at 23, that will not be granted.  Pedro's regulatory arguments will not be addressed.

2.     Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 14, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court